UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| **JOSE LUIS BENAVIDES,** | ) Case No.: 3:18-cv-228 |
| | ) |
| **Plaintiff,** | ) |
| vs. | ) |
| | ) **COMPLAINT** |
| **NATIONAL CREDIT ADJUSTERS, LLC** | ) JURY |
| | ) |
| **Defendant.** | ) |
| | ) |

Plaintiff, Jose Luis Benavides (hereinafter "Plaintiff"), by and through undersigned counsel, hereby alleges against National Credit Adjusters, LLC (hereinafter "Defendant"), as follows:

## I. PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq* (hereinafter "FDCPA"),

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k (d).

3. Supplemental jurisdiction exists pursuant to 28 U.S.C. §1367.

4. Venue is proper in this district under 28 U.S.C. §1391(b).

## III. PARTIES

5. Plaintiff is a natural person, who at all relevant times has resided in EL Paso, Texas and is a "consumer" as the phrase is defined by 15 U.S.C. §1692a (3) of the FDCPA.

6. Defendant is a Limited Liability Company doing business in the State of Texas, with its business address as 327 W 4th Ave, Hutchinson, KS 67501, specialized in delinquent account receivables, and is a "debt collector" as the term is defined by 15 U.S.C. §1692a (6).

7. Defendant is a "debt collector" as the phrase is defined and applied under 15 U.S.C. §1692(a) 3 of the FDCPA in that they regularly attempt to collect on debts primarily incurred for personal, family or household purposes.

## IV. FACTUAL STATEMENT

8. Defendant is collecting against Plaintiff for an alleged personal loan taken out for personal, family, or household purposes.

9. Defendant is a self-proclaimed debt collector in which their website explains: "National Credit Adjusters has specialized in delinquent receivables bringing integrity, and the highest standards of compliance, to debt servicing." see Hyperlink below

    https://ncaks.worldsecuresystems.com/about.htm

10. On or about October 9, 2017, Defendant sent a collection letter to Plaintiff. see **Exhibit "A"**.

11. The letter was an attempt to collect an alleged balance of $2,912.78, which, according to Defendant is the amount owed on Plaintiff's alleged debt.

12. In Defendant's letter to Plaintiff, Defendant offers ambiguous payment options to resolve the alleged debt.

13. The payment options showed percentages of 60%, 70% and 80% of the balance. The boxes in which they present the percentages does not contain any descriptive language preceding the percentages such as "Pay" or "Save", but rather poorly attempts to explain in smaller font in a confusing and deceitful manner.

14. In Defendant's letter directed at our Plaintiff, the Defendant highlighted the portion in the letter showing "60% of the balance", "70% of the balance" and "80% of the balance"; however, listed underneath and "Not Highlighted", is the amount saved with each option. In addition, the manner in which the percentage options are advertised on the letter, the least sophisticated consumer would, and here did, easily misread the "Of" the balance and mistake it as "Off" the balance.

15. Furthermore, in Defendant's letter to the Plaintiff, the listed amount savings per each option in the letter actually declines tremendously as the bolded percentages increase from 60% of the balance to 80% of the balance. Additionally, the Defendant offers to "Build Your Own"; which is still unknown what exactly that is meant to mean.

16. Moreover, 60% of the balance would save the consumer $1,165.12 and the 70% of the balance would save the consumer $873.86. Lastly, 80% of the balance would save the client a meager $582.62. Thus, the letter appears in bold to reflect savings in percentages of the balance however, the nonhighlighted portion actually shows, the higher the percentage, the worse the savings. The simple conclusion is why exactly is the Plaintiff expected to pay more money? The reasoning is unknown and is egregiously deceptive to understand this letter that can only be thought to be an intentional deception on the consumer.

17. Upon information and belief, the Plaintiff (least sophisticated consumer) believed that the percentages <u>of</u> the balance represented Plaintiff's savings <u>off</u> of the balance. Therefore, Plaintiff believed selecting the payment option with a higher percentage would lead to greater savings <u>off</u> of the balance, when in fact, the higher the percentage, the lesser the savings. The Defendant use deceit and trickery through their presentment of payment options to the Plaintiff.

18. Furthermore, the Defendant claims, "Here are your options to resolve this today" and the letter is dated October 9, 2017. However, the payment offer says, "if payment is received by October 27, 2017". The definition of "today" would be the day the letter is dated or possibly the day the letter was received and opened by the consumer. This is in direct contradiction of the payment option and creates a state of further deceit and confusion.

19. Although Defendant may attempt to collect an alleged debt however, Defendant may not use deceptive means to collect a debt from a consumer.

<u>Plaintiff Has Suffered a Concrete and Particularized Injury</u>

20. Congress has codified The Fair Debt Collection Practices Act to provide specific protections and rights to consumers to ensure that sellers would not present false and deceptive information in order to lure the consumer into making payments.

21. Defendant has presented deceptive information to Plaintiff within its collection letter.

22. Plaintiff sustained a concrete and particularized injury by Defendant's placement of provisions within its letter that violated Plaintiff's rights under the FDCPA.

23. Plaintiff further sustained injury by being subject of Defendant's false and unjust representations.

24. Upon information and belief, Defendant has benefitted from utilizing this practice by unsuspecting consumers who merely pay in accordance with the plan provided to him or her, to the benefit of Defendant by collecting monies from consumers whom fear additional penalties if agreement is broken.

25. Defendant allegedly has a pattern and practice of deceptive business practices in collecting debts. *see* Hyperlink

    https://www.consumerfinance.gov/data-research/consumer-complaints/search/?from=0&searchField=all&searchText=National%20credit%20adjusters&size=25&sort=created_date_desc

    The search of the Consumer Financial Protection Bureau complaints database, reports 1,230 recent complaints against Defendant. We can only imagine how many more additional unreported complaints for deceptive debt collection practices as it seems that this is the modus operandi for this company.

26. As a direct consequence of Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from anxiety, fear, frustration and embarrassment. see **Exhibit "B"**.

## COUNT I
## V. VIOLATIONS OF THE FDCPA 15 U.S.C. §1692, et seq.

27. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs as though fully stated herein.

28. Defendant's conduct violated 15 U.S.C. §1692f in that Defendant used unfair and unconscionable means to collect the debt.

29. Defendant's conduct violated 15 U.S.C. §1692e (10) in that Defendant used highlighted percentages of the balance to encourage payments however, savings actually decrease with an increase in percentage therefore providing an unsophisticated consumer the appearance of a greater savings when in actuality the nonhighlighted portion beneath shows the actual savings. Furthermore, the language in the letter is deceiving in stating "Of the balance" which is misread as "Off the balance".

30. Defendant's conduct violated 15 U.S.C. §1692e (10) in that Defendant uses deceptive language with the use of "today" and the dates of payment creating a sense of urgency that the time to resolve the debt has already passed.

31. **Legal Standard: 15 U.S.C. §1692f**:

    "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

32. **15 U.S.C.§1692e states in relevant part that:**

    15 U.S.C.§1692e"Any debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section."

    (10)   The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

33. Plaintiff is entitled to damages as a result of Defendant's violations

## COUNT II
## VI. VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT
## TEX. FIN. CODE ANN. §392, et al.

34. The Plaintiff repeats and re-allege and incorporate by reference to the foregoing paragraphs as though fully stated herein.

35. The Plaintiff is a "consumer" as that term is defined by Tex. Fin. Code Ann. §392.001.

36. Defendant is a "debt collector" as defined by Tex. Fin Code Ann. §392.001(6) and (7).

37. The Defendant sent a deceptive collection letter appearing to provide greater savings off the full balance as the percentage options of the full balance increased. Tex Fin Code Ann §392.303.

38. Plaintiff is entitled to injunctive relief and actual damages pursuant to Tex Fin Code Ann §392(a)(1) and (2) and to remedies under Tex Bus & Comm Code §17.62 pursuant to Tex Fin Code Ann §392.404(a).

.
**TRIAL BY JURY**

39. The Plaintiff is entitled to and hereby respectfully demands a trial by jury pursuant to US Const. amend. 7. Fed. R. Civ. Pro. 38.

**WHEREFORE,** Plaintiff prays that judgment be entered against the Defendant:

A. Actual damages pursuant to 15 U.S.C. §1692k(a)(1);

B. Statutory damages of $1,000 pursuant to 15 U.S.C § 1692k(a)(2)(A);

C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. 1692k(a)(3);

D. Injunctive relief pursuant to Tex Fin Code Ann §392.403(a)(1).

E. Actual damages pursuant to Tex Fin Code Ann §392.403(a)(2);

F. Remedies under Tex Bus & Comm Code 17.62 pursuant to Tex Fin Code Ann 392.404(a)

G. Punitive damages; and

H. For such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated this 25th day of July, 2018.

Respectfully Submitted,

/S/ Seth Crosland
Seth Crosland
Crosland Law Firm, PLLC
1848 Norwood Plaza, Suite 205B
Hurst, Texas 76054
Phone: (972) 591-6919
Email: seth@croslandlawfirm.com